UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DANIEL B. NICKELL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:09CV931 SNLJ |
|  | ) |  |
| MICHAEL F. SHANAHAN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This class action suit is before the Court on the Court's own motion for remand to Missouri state court following defendants' removal of the case to federal court on grounds of federal preemption under the Securities Litigation Uniform Standards Act of 1998 (SLUSA), Pub.L. No. 105-353, 112 Stat. 3227 (codified as amended in scattered sections of 15 U.S.C.). Although, inexplicably, the plaintiff failed to file a motion to remand, the subject matter jurisdiction of the Court can and should be raised *sua sponte*. This Court now determines that it has no jurisdiction under the SLUSA and that the SLUSA mandates remand to state court.

**I. Statement of Case**

In August of 2007, plaintiff filed a shareholder derivative action in this Court, 4:07-cv-01406-SNLJ, based on false and misleading communications made in connection with a merger agreement between Engineered Support Systems, Inc. (ESSI) and DRS Technologies, Inc. (DRS). The case was brought against many of the same defendants that are named in the present case and was based in large part on the allegations that are made in the present case. That first case ended with a stipulation of dismissal with prejudice on March 30, 2009. Then on November 5, 2008, plaintiff filed the original petition in this class action suit in the Circuit Court for the

City of St. Louis.  On June 15, 2009, defendant PricewaterhouseCoopers, LLP (PwC) removed the case to this Court with the consent of all defendants on the ground that the case was subject to and preempted by the SLUSA.

Plaintiff alleges that he is a former shareholder of ESSI and that he brings this action under sec. 507.070 RSMo., Missouri's shareholder class action statute, both in his individual capacity and on behalf of a proposed class of former ESSI shareholders who sold their ESSI shares in connection with the acquisition of ESSI by DRS.  Defendants are Michael F. Shanahan and several other former executives and directors of ESSI; Mark S. Newman, the former chief executive officer of DRS; and PwC, ESSI's auditors.

Plaintiff's petition sets out five state law counts against the defendants: (1) breach of fiduciary duty; (2) an equitable claim for an accounting; (3) aiding and abetting breach of fiduciary duty (brought against Defendants Newman and PwC only); (4) unjust enrichment; and (5) negligent misrepresentation.  Plaintiff bases these claims on allegedly false and misleading communications contained within ESSI's Form S-4 Registration Statement and the prospectuses therein. These materials were filed with the SEC and mailed to all shareholders in connection with the merger agreement between ESSI and DRS on September 21, 2005.  Specifically, plaintiff alleges that the Registration Statement was false and misleading because it failed to disclose (1) that stock options held by ESSI officers and directors had been backdated, (2) that DRS was assuming multi-million dollar liabilities arising out of the options backdating at ESSI, and (3) that in exchange for personal benefits paid by DRS and defendant Newman, the ESSI defendants abdicated their fiduciary obligation to act in the best interests of ESSI's shareholders.

As noted, PwC's notice of removal was based on the theory that the SLUSA preempted

and prohibited plaintiff's state law class action. Soon after the case was removed, defendant Gerhardt, a former officer of ESSI, filed a motion to dismiss based, in part, on the same grounds, and thereafter, defendant Wims joined the Gerhardt motion. However, plaintiff not only failed to file a motion to remand in response to the notice of removal, but also failed to file a response to defendant Gerhardt's motion to dismiss. Nonetheless, as will be explained, this Court's jurisdiction is controlled by the SLUSA.

## II. SLUSA Preemption

The SLUSA "expressly preempts all state law class actions based upon alleged untrue statements or omissions of a material fact, or use of a manipulative or deceptive device or contrivance, in connection with the purchase or sale of a covered security." *Sofonia v. Principal Life Insurance Company*, 465 F.3d 873, 876 (8th Cir. 2006) (*citing Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879 (8th Cir. 2002)). The purpose of the act was to "prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court." *Id*. (*citing* H.R.Rep. No. 105-803 (Oct. 9, 1998) (Conf. Rep.)). Under the SLUSA, an action is subject to removal and immediate dismissal if it is shown that (1) the action is a "covered class action" as defined in the Act, (2) the action purports to be based on state law, (3) the action alleges that the defendant misrepresented or omitted a material fact (or used or employed a manipulative or deceptive device or contrivance), and (4) the action alleges that the defendant's misrepresentations or omissions of material fact were made "in connection with the purchase or sale of a covered security." 15 U.S.C. §§ 77p(b)-(c), 78bb(f)(1)-(2); *see also Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

Under the SLUSA, a "covered class action" is defined as "any suit brought by a class of

more than 50 persons, or by one or more named parties acting as class representatives, and where 'questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.'" *Green v. Ameritrade*, 279 F.3d 590, 596 n.4 (8th Cir. 2002)(*citing* 15 U.S.C. § 78bb(f)(5)(B)(i)(II)(Supp. V 1999)). Plaintiff here alleges that the Class is "so numerous that joinder of all members is impracticable." At the record date of the merger between ESSI and DRS, December 20, 2005, there were 41,960,035 shares of ESSI common stock outstanding. Although it is unclear exactly how many members there are in the class, it is almost certainly greater than 50 members and therefore easily satisfies the "covered class action" condition.

The second condition – that the claim must also be brought under state law – is met simply because plaintiff brought this action in the Circuit Court for the City of St. Louis under Missouri's shareholder class action statute, on state law claims.

The third condition is that the action must allege "that the defendant misrepresented or omitted a material fact (or used or employed a manipulative or deceptive device or contrivance)." *Sofonia*, 465 F.3d at 876. This condition is clearly satisfied because plaintiff's amended petition alleges that the Form S-4 Registration Statement and the prospectuses were false and misleading in that they failed to disclose backdating and manipulation of ESSI stock options by defendant Gerhardt and others.

To satisfy the fourth condition that the defendant's alleged misrepresentations or omissions of material fact were made "in connection with the purchase or sale of a covered security," two separate elements must be shown. First, the seucrities at issue must be a "covered security" under SLUSA. Second, the alleged misrepresentation must have been made "in

connection with the purchase or sale" of that security.

A "covered security" is "a security listed on a stock exchange such as the New York Stock Exchange or the American Stock Exchange, or an exchange with equivalent listing standards." *Green v. Ameritrade*, 279 F.3d 590, 596 n.4 (8th Cir. 2002) (*citing* 15 U.S.C. § 78bb(f)(5)(E)). According to plaintiff's amended petition, "ESSI's common stock was traded on the NASDAQ NMS until it was acquired by DRS. ESSI's stock was delisted from the NASDAQ on January 31, 2006 as a result of the merger." Because the security at issue was listed on the NASDAQ, a well-known stock exchange with equivalent listing standards to the New York Stock Exchange, it is certainly a "covered security."

In order for a claim to be "in connection with" the purchase or sale of a security under SLUSA, the alleged misrepresentation need only "coincide with a securities transaction." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006). Again, plaintiff alleges that the defendants failed to disclose any options backdating in Form S-4 Registration Statement, and that this induced plaintiff and the members of the class to approve the merger and sell their ESSI common stock. These are clear and explicit allegations that the misrepresentation was made in connection with the sale of ESSI common stock.

For the foregoing reasons, all conditions for the application of the SLUSA are satisfied. Barring any exceptions to the invocation of SLUSA claim preclusion, this case was properly remanded and must now be dismissed. 15 U.S.C. § 78bb(f)(1)(2).

### III. The "Delaware Carve-Out" Exception

An exception to SLUSA preemption, popularly known as the "Delaware Carve-Out" applies in certain instances where the "covered class action...is based upon the statutory or

common law of the state in which the issuer is incorporated..." 15 U.S.C. § 78bb (f)(3)(A)(I).  In particular, the class action must involve:

>  (1) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer, or
>
> (2) any recommendation, position, or other communication with respect to the sale of securities of an issuer that –
>
>> (a) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer, and
>>
>> (b) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(A)(ii).

In this case, the initial requirement is met because plaintiff's class action is based on the statutory and common law of Missouri, which is the state in which the "issuer," ESSI, is incorporated.

The application of subpart (1) is also straightforward:  Plaintiff's allegations here involve the purchases of the issuer ESSI's common stock by DSR, which is ESSI's "affiliate" in the merger transaction, *see Derdiger v. Tallman*, 75 F.Supp. 2d 322, 325 (D. Del.1999)(merging corporations are "affiliates" for purposes of section 78bb(f)(3)(A)).  In addition, DSR's purchases of the ESSI common stock were made exclusively from holders of ESSI common stock.

Subpart (2) is likewise applicable.  The Form S-4 Registration Statement and prospectuses were in fact a recommendation, position or other communication with respect to the sale of ESSI shares that was made by or on behalf of ESSI and DSR to the holders of ESSI shares.  Additionally, the Registration Statement and prospectuses concerned the decisions of the

ESSI shareholders with respect to voting their shares in response to the proposed merger agreement and acting in response to a tender or exchange offer in connection with the merger.

In anticipation that plaintiff would file a motion for remand based on the Delaware Carve-Out (a motion that never materialized), defendant PwC set out in its Notice of Removal two arguments against application of the Carve-Out. First, PwC maintains that "The gravamen of Plaintiff's claims. . .relate to allegations of backdating at ESSI between 1996 and 2003, not recommendations to or communications with ESSI shareholders regarding the 2006 merger with DRS. . . ." This argument, however, mischaracterizes plaintiff's position, which is that the recommendations and communications made to ESSI shareholders in 2006 omitted the information about the earlier backdating which was crucial to the shareholders' decisions pertaining to the merger. PwC also contends that the Carve-Out does not apply to a non-issuer like itself that served solely as an independent auditor for the issuer, ESSI, and further, that "PwC did not make any recommendation to or communicate with ESSI shareholders regarding ESSI's merger with DRS. . . ." The Carve-Out provisions, however, are addressed to the kinds of class action cases exempted from the general SLUSA provisions, not the kinds of defendants that are sued, whether issuers or non-issuers. And in any event, the plaintiff's petition does in fact allege that PwC, itself, made recommendations and communicated with ESSI shareholders regarding the merger, at least through PwC's participation in the preparation and dissemination of the Registration Statement and prospectuses.

That the Delaware Carve-Out applies in the case at hand is consistent with all of the cases this Court has found that are factually similar; that is, cases involving the merger of two companies or the acquisition of one company by another, a state class action brought in the state

of the issuer's incorporation, a S-4 Registration Statement or proxy statement that allegedly misled shareholders, and the inducement of shareholders to approve the merger or acquisition thereby.  *See, e.g., Greaves v. McAuley*, 264 F.Supp. 2d 1078 (N.D.Ga. 2003); *Lazar v. Gregerson*, 2002 WL 535405 (N.D. Cal.); *Gibson v. PS Group Holdings, Inc.*, 2000 WL 777818 (S.D. Cal.); *Derdiger v. Tallman*, 75 F.Supp. 2d 322 (D.Del. 1999).

**IV. Conclusion**

This Court holds that the Delaware Carve-Out exception to the SLUSA applies, that this action may properly be maintained in state court, that removal was improper, and that this Court has no jurisdiction.  15 U.S.C. sec. 78bb(f)(3)(D) states: "In an action that has been removed from a State court pursuant to paragraph (2), if the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court."  Accordingly, the case shall be remanded to the state court.

**SO ORDERED** this 13th day of January, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT COURT